# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**LOUIS CAPPS and DERNICE CAPPS**                                    **PLAINTIFFS**

**v.**                    **CASE NO. 4:10-CV-01459 BSM**

**XTO ENERGY INC.**                                                      **DEFENDANT**

## ORDER

Louis Capps and Dernice Capps (collectively referred to as "the Capps"), move to remand [Doc. No.6], and defendant, XTO Energy, Inc. ("XTO"), objects [Doc. Nos. 8, 9]. Because XTO failed to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 required for diversity jurisdiction, the motion to remand is granted.

The Capps originally filed suit in the Circuit Court of White County, Arkansas, seeking a declaration that XTO had failed to properly extend an oil and gas lease and consequently that the lease had been terminated. XTO removed that suit the Eastern District of Arkansas in October, 2010, asserting federal diversity jurisdiction. To prove that the amount in controversy exceeds $75,000, XTO submitted the affidavit of Chris Broadway. [Doc. No. 9, Ex. A].

In the affidavit submitted by XTO, Broadway values the mineral interests at more than $75,000. This affidavit, however, is woefully inadequate. In *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017 (8th Cir. 2010), the Eighth Circuit determined that the affidavits submitted by the defendant did not adequately support a finding by the preponderance of the

evidence that the amount in controversy exceeded $75,000. *Id.* at 1019-20. An examination of the affidavits provided insufficient information to determine whether the mineral interests were worth more than $75,000.

> . . . [T]he affidavit contains no estimate of how long the mineral interest at issue might reasonably be expected to produce, whether its production would be relatively constant over it productive life, or what a reasonable discount rate might be in the circumstance, so that we could make some estimate of its present value.

*Id.* at 1019. Following these observations, the *Usery* court pointed out other deficiencies, including the omission of the costs of drilling and extraction, and then remanded the case to the district court with directions to remand it to the state court. *Id.* at 1020.

The affidavit submitted by XTO provides almost no explanation of how a value greater than $75,000 was reached. Broadway states only that in order for the mineral interest to be worth more than $75,000, each net mineral acre must be worth more than $369.34. He determines, based on his experience, that each net mineral acre is worth more than $369.34. Like the affidavits in *Usery*, Broadway's affidavit fails to take into account, or explain the accounting for, many factors impacting the value of the mineral interest at stake.

Likewise, in a case involving substantially similar facts and the same defendant, it was held that an almost identical affidavit submitted by Chris Broadway did not prove by a preponderance of the evidence that the amount in controversy exceeded $75,000. *Garner v. XTO Energy, Inc.*, 2010 U.S. Dist. LEXIS 91529 (E.D. Ark. 2010). As the affidavit contains only slight changes to fit the facts of this case, it again fails to meet the defendant's burden.

Accordingly, the motion to remand [Doc. No. 6] is GRANTED.

IT IS SO ORDERED THIS 30th day of December 2010.

_____
UNITED STATES DISTRICT JUDGE